**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In the Matter of the Arbitration between** | § | |
| **NATIONAL UNION FIRE INSURANCE** | § | |
| **COMPANY OF PITTSBURGH, P.A.,** | § | |
| | § | |
| **Movant,** | § | |
| | § | **Civil Action Number: 10-cv-02188** |
| **and** | § | |
| | § | |
| **CONTINENTAL CARBON COMPANY,** | § | |
| | § | |
| **Respondent.** | § | |

<u>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.'S**</u>
<u>**MOTION TO CONFIRM ARBITRATION AWARD**</u>

National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") hereby moves the Court, pursuant to 9 U.S.C. §§ 6, 9 and 13, for the entry of an order confirming an arbitration award made on June 3, 2010, and directing that judgment be entered thereon accordingly.

<u>**PARTIES**</u>

1.      Movant National Union is a corporation organized under the laws of Pennsylvania and with its principal place of business in New York.

2.      Respondent Continental Carbon Company ("Continental Carbon") is a corporation organized under the laws of Delaware and with its principal place of business in Houston, Texas.  Continental Carbon may be served pursuant to 9 U.S.C. § 9 by serving its counsel Clyde Hettrick, Hettrick Law Firm, 1801 Century Park East 24th Floor, Los Angeles, California 90067, and/or by serving its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

3.     The jurisdiction of this Court is based on 28 U.S.C. § 1332 because the matter is between citizens of different states and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.     This Court has personal jurisdiction over Continental Carbon by virtue of its principal place of business in Houston, Texas and its minimum contacts with the State of Texas.

5.     Venue in this Court is proper based on 9 U.S.C. § 9 insofar as the arbitration award that is the subject of this motion was made in Houston, Texas.

**FACTUAL BACKGROUND**

6.     National Union is in the business of providing casualty and other insurance.  It issued an insurance policy (the "Policy") to Continental Carbon.

7.     Continental Carbon operates three carbon black manufacturing plants in the United States.  Carbon black is a generic term for a wide range of industrial carbons produced by the partial combustion and thermal decomposition of hydrocarbon oils and gases.  Continental Carbon sells carbon black for use in making tires, rubber and plastic items.

8.     In August 2001, Action Marine, a boat dealership in Georgia, several Georgia individuals, and the City of Columbus, Georgia (the "Action Marine Plaintiffs"), sued Continental Carbon in the United States District Court, Middle District of Alabama.  The Action Marine Plaintiffs alleged that Continental Carbon intentionally allowed fugitive emissions of black particulates to escape from its carbon black plant located in Phenix City, Alabama.  The Action Marine Plaintiffs asserted that the black fugitive emissions landed on their homes, boats and cars causing property damage and other losses.

9.     The case was tried to a jury, which in August 2004, returned verdicts in favor of the Action Marine Plaintiffs in an amount exceeding $20 million.  The Eleventh Circuit Court of Appeals subsequently affirmed the judgment on appeal.  *See Action Marine, Inc. v. Continental Carbon, Inc.*, 481 F.3d 1302 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2994 (2008).

10.     Continental Carbon sought coverage of the verdicts under the Policy.  It alleged that the pollution exclusion in the Policy did not apply because an exception to that exclusion – known as a Product Completed Operations Hazard – applied to its loss.  According to Continental Carbon, the fugitive dust emissions that escaped into the atmosphere during plant operations constituted its "product" as that term was used in the Product Completed Operations Hazard.

11.     National Union denied the claim.  It asserted that the pollution exclusion applied to the loss and that the Product Completed Operations Hazard exception did not because the fugitive emissions of dust particulates that escaped from the plant while Continental Carbon was in the process of manufacturing the product it marketed and sold, did not constitute the insured's "product" under the terms of the Policy.

12.     The pollution exclusion and the Product Completed Operations Hazard both appeared in Endorsement 12 of the Policy, which also included a mandatory arbitration provision.  The arbitration provision provided that any disputes regarding the interpretation of Endorsement 12 were subject to arbitration according to the following terms:

> It is further agreed that in the event of a disagreement as to the interpretation of this endorsement, the disagreement shall be submitted to binding arbitration before a panel of three (3) arbitrators. Within thirty (30) days of a written request for arbitration by either you or us, each party will choose an arbitrator. If the two arbitrators are unable to agree within one month upon the third arbitrator, such arbitrator shall at the request of either party be selected by the American Arbitration Association in accordance with its rules and procedures.

The parties shall submit their cases to the panel by written and oral evidence at a hearing time and place selected by the third arbitrator. The panel shall be relieved of all judicial formality, shall not be obligated to adhere to the strict rules of law or of evidence, shall seek to enforce the intent of the parties hereto and may refer to, but are not limited to, relevant legal principles. The decision of at least two (2) of the three (3) panel members shall be binding and final and not subject to appeal except for grounds of fraud and gross misconduct by the arbitrators. The award will be issued within thirty (30) days of the close of the hearings. Each party shall bear the expenses of its designated arbitrator and shall jointly and equally share with the other the expense of the third arbitrator and of the arbitration.

The arbitration proceedings shall take place in the state shown in Item 1 of the Declarations. The procedural rules applicable to this arbitration shall, except as provided otherwise herein, be in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

*See* Exhibit 2 (Endorsement 12 of Policy at pg. NU00250 – NU00251).

13.     On November 24, 2004, Continental Carbon demanded arbitration pursuant to Endorsement 12 of the Policy.  *See* Exhibit 3.  On January 21, 2005, National Union appointed Michael Aylward as its arbitrator, and Continental Carbon appointed Michael Sean Quinn as its arbitrator.  *See* Exhibits 4 and 5.  Beth Bradley was agreed to as the neutral third arbitrator.  *See* Exhibit 1 (Wolff affidavit) and Exhibit 6 (Hearing Transcript at pg. 1-2).

14.     In preparation for the final hearing in the arbitration, the parties conducted written discovery, took numerous depositions and filed over 200 pages of briefing.

15.     On April 13, 2010, the Panel commenced a hearing on the parties' dispute in Houston, Texas.  During the hearing, the parties gave opening and closing statements, conducted direct and cross examinations of four witnesses, and responded to numerous questions from each of the arbitrators.  The hearing concluded on April 15, 2010.  *See* Exhibit 7.

16.     At the conclusion of the hearing, the parties agreed to extend the date the final award would be issued to Thursday, May 20, 2010.  Exhibit 6 (Hearing Transcript at pg. 950-

951).  The parties thereafter agreed to extend the deadline by two additional weeks until June 3, 2010.  *See* Exhibits 8 and 9.  On June 3, 2010, the arbitration panel issued its written award (the "Award").  *See* Exhibit 10.  National Union seeks to confirm this Award.

17.    All conditions precedent for the confirmation of the Award by this Court as required by 9 U.S.C. § 13 have been met.

**WHEREFORE**, for the foregoing reasons, Movant National Union requests that this Court enter an Order:

1.    Confirming the Award, whereupon the confirmed Award shall be treated as any other judgment of the Court;

2.    Directing the entry of judgment; and

3.    Granting such other and further relief as may be appropriate.

Dated:  June 21, 2010

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**

By:  /s/ Jeffrey S. Wolff
Jeffrey S. Wolff (attorney-in-charge)
State Bar No.  21865900
Federal I.D. No.1392
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorney for National Union Fire Insurance Company of Pittsburg, P.A.*

OF COUNSEL:
Joy Soloway
State Bar No.  188838700
Federal I.D. No. 8887
John D. Sheppard
State Bar No. 24051331
Federal I.D. No. 635193
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

FULBRIGHT & JAWORSKI, L.L.P.